### HAMILTON v. MAHN.

(Supreme Court, Appellate Term. November 24, 1905.)

.APPEAL—REVERSAL AND REMAND.

Where the issue on a counterclaim was whether plaintiff, as contended
by him, owed P., or, as contended by defendant, owed him and he owed
P., and, while it appears that P. believed plaintiff owed defendant and
defendant owed him, the testimony is incomplete and unsatisfactory,
judgment for plaintiff will be reversed, and a new trial granted.

Appeal from Municipal Court, Borough of Manhattan, Eleventh
District.

Action by John W. Hamilton against Henry B. Mahn. From a
judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-
LEAN, JJ.

Edward C. Ripley, for appellant.
I. Robert Spear, for respondent.

PER CURIAM. On March 15, 1904, plaintiff loaned defendant
$20, and on March 22, 1904, he loaned defendant an additional $25.
On June 23, 1904, defendant paid plaintiff on account $10. Plaintiff
brought this action for the balance of $35, and obtained judgment in
his favor. Defendant counterclaims $100, admitting plaintiff's claim
of $35, and claiming a balance by way of counterclaim of $65. It
is conceded that on June 25, 1904, a check of the Legal Advice So-
ciety of the United States, signed by one Percy F. Pimm as treasurer,
and defendant as secretary, payable to plaintiff, was delivered to plain-
tiff by defendant on or about June 25, 1904, and that plaintiff got the
money on the same. Plaintiff claims he owes this money to Pimm, as
it is conceded plaintiff has not repaid the same; but defendant claims
plaintiff owes this money to him. This is the sole issue in the case.

Defendant admits he got the check from Mr. Pimm, but says he ob-
tained it for Mr. Hamilton at his request. It is made payable to Mr.
Hamilton, the plaintiff, as above stated. Defendant says he borrowed
it from Pimm and is responsible for it; that he got it from Pimm to pay
plaintiff. Hamilton (plaintiff) admits he got the money on the check,
and that he received the check through defendant. Under these cir-
cumstances, the evidence of Pimm himself would seem most impor-
tant in determining the controversy. He is called as a witness, and

testifies that he knows the parties and that his name is on the check. He is then asked:

"Do you know what that money was for? (Objected to by plaintiff, and ruled out, under exception by defendant.) Q. Was that check drawn for the purpose of loaning to the plaintiff in this action this sum of $100 by the defendant in this action? (Objection sustained. Exception by defendant.) Q. Do you know to whom that money was paid? A. Mr. Hamilton, plaintiff. Q. Has it been repaid to you? A. No."

Cross-examination by plaintiff's counsel:

"Q. Do you consider that Mr. Hamilton, plaintiff, owes you that money? A. I consider that he owes it to Mr. Mahn, the defendant."

This answer was immediately stricken out on plaintiff's motion, under an exception by defendant. He (the witness) is then asked by plaintiff's counsel:

"Q. Do you consider the money due you? A. From Col. Mahn [defendant] I do."

This response, also, was immediately stricken out at plaintiff's request, and defendant excepted. He is then asked:

"Q. Do you consider the money due you from Mr. Hamilton? A. No; not on that check."

It is very clear that Pimm, the maker of the note, by whom it was paid, believed that plaintiff owed defendant, and that defendant owed him (Pimm), the $100 so received by plaintiff. The testimony, however, is incomplete and unsatisfactory, and we think that in the interests of justice a new trial should be had, when the parties can present more complete and better proofs of the actual state of facts.

Judgment reversed, and new trial granted, with costs to abide the event.